HUSTON W. CRAWFORD

*v.*

THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

MILITIA—*member entitled to relief when injured by discharge of rifle; under what circumstances.* Where a section of the statute provides for target practice at the annual parades and encampments of the National Guard and a person is injured by the discharge of a rifle in the hands of a member of the National Guard under orders in camp, at target practice, under such statute and a statute providing for annual encampments, the injury received is the direct result of an act authorized by the State. It is something more than the mere negligence of a servant or agent and claimant is entitled to recover damages.

The petition in this case alleges that on the 15th day of July, A. D. 1889, a regiment of the Illinois National Guard were encamped at Camp Lincoln near the city of Springfield, and that while said regiment was doing duty as required by the statute of the State of Illinois some member of said regiment while in the line of duty at rifle practice, fired a forty-five calibre rifle ball by the direction and authority of the officers of said regiment which struck petitioner.

That said ball struck and perforated the ankle bone of claimant's left limb, fracturing the bone at that point and causing great pain and suffering. That claimant is a farm hand, and said injury has permanently disabled him from pursuing his vocation.

The evidence in this case is to the effect that on the 15th day of July, A. D. 1889, a regiment of the Illinois National Guard was encamped at Camp Lincoln and on that day companies of said regiment were engaged in rifle practice. The targets were stationed at the foot of a natural hill or bluff, the rise being abrupt and terraced and the hill fifty feet high. The companies engaged in practice were stationed nine hundred or one thousand yards distant from the targets.

The claimant herein was a farm hand and was at the

time engaged in the pursuit of his business as a farm hand or laborer about one-half mile in the rear of the targets and while so engaged received the injury complained of for which five thousand dollars damages are claimed.

The Illinois National Guard in their target practice use the Springfield rifle carrying a forty-five calibre rifle ball. A ball of this size struck claimant in the left leg near the ankle joint and was buried in the bone. A surgeon was called and removed the ball and claimant was by direction of the Surgeon General of the National Guard removed to St. John's Hospital where he was cared for at the expense of the State for fifty-three days. The injury was the result of a shot fired from a musket or Springfield rifle fired by some one of said National Guards while at target practice under the orders of the military authorities of the State of Illinois.

The claimant prior to the time of receiving the injury was receiving for his services as a farm hand $45.00 per month and since that time when able to perform labor has only received $18.00 per month.

The evidence in this case was taken more than one year after the injury was received and at the time of taking the evidence the claimant is still seriously affected. The surgeon who extracted the ball says: "It may become necessary yet to amputate the limb." The Surgeon General says: "The wound is of a serious nature and claimant will never fully recover."

The hill or back stop of this rifle range is less than one-fourth of a mile long and against this hill are placed twenty targets for rifle practice. At each target two men alternately discharge their rifles. So that forty men are kept at this target practice.

The inspector of rifle practice says in his testimony that it would be wild shooting to shoot over the hill when shooting at the target but he says, "they are capable of wild shooting."

While engaged at this target practice at the distance of one thousand yards from the target it is stated in argu-

ment that if the muzzle of the gun at the time of the discharge should be raised one half of an inch the ball would be thrown over the top of the hill. However this may be it appears by the evidence the Springfield rifles are capable of throwing a ball a distance of one mile. The claimant the evidence shows was within less than one-half mile of the targets at the time he received the injury.

That the injury received by the claimant was the result of a discharge of a gun in the hands of some one of the National Guard while engaged in the rifle practice is clearly shown by the evidence.

It is insisted on the part of the State that the State cannot be made liable for injuries arising from negligence of its agents or servants unless some positive statute is shown assuming such liability.

We are aware of the fact that it has been held in New York that the State is not liable for injuries arising from negligence or misfeasance of its agents in like manner as a natural person. In the case of Murdock Parlor Grate Co. v. The Commonwealth of Massachusetts, 24 N. E. 855, the court holds that the State is not liable for damages caused by the negligence of its servants in overloading the floor of a room hired by the State and the same rule obtains in most if not all the States.

In Bishop on Non Contract Law, Sec. 749, page 348, it is said: "One of the most obvious propositions of reason as well as of authority is, that a municipal corporation is a subordinate branch, or part, of the government. It has other functions but those of this class are of course discretionary. Now in numerous cases beyond what need be referred to here it is assumed that therefore the corporation is not answerable for its negligence in the discharge of those functions. We shall see as we proceed that other authorities do not so hold. One of the reasons apparently swaying the judicial mind toward this opinion is that the supreme governmental power, the State, cannot be sued without its consent. But when we look into this reason we perceive that the

non-liability of the State results from its dignity which is not possessed by a municipal corporation; and the State has always been deemed as capable of doing an individual a wrong as any private person and as liable to respond in damages though its response is of its own grace."

Chapter 129, Art. 4, Starr & Curtis' Statutes of the State of Illinois, provides that the Illinois National Guard shall parade for drill not less than three nor more than four days annually, etc.

The Statute provides further that the brigade commander shall direct such target practice at the annual parades and encampments as he may deem expedient, Starr & Curtis, page 2317. The injury received is the direct result of an act authorized by the State. It is something more than the mere negligence of a servant or agent. The National Guards were acting under the direct authority of the laws of the State.

We are of the opinion that the State is liable in this case for damages and of its own grace has authorized this Commission to hear and determine such cases. Session Laws, 1889, page 90. We have therefore fixed the damages of claimant at the sum of one thousand dollars ($1,000.)